MARGO A. FEINBERG (SBN 100655)
MICHAEL E. PLANK (SBN 290943)
Schwartz, Steinsapir, Dohrmann & Sommers LLP
6300 Wilshire Boulevard, Suite 2000
Los Angeles, California 90048-5202
Telephone: (323) 655-4700
E-mail:      maf@ssdslaw.com
             mp@ssdslaw.com

Attorneys for Petitioners United Food &
Commercial Workers Union, Locals 135, 770,
and 1428

JEFFREY S. WOHLNER (SBN 44692)
Wohlner, Kaplon, Cutler, Halford & Rosenfeld LLP
16502 Ventura Boulevard, Suite 304
Encino, California 91436
Telephone: (818) 501-8030
E-mail:      jwohlner@wkclegal.com

Attorneys for Petitioner United Food &
Commercial Workers Union, Local 1167

JOSEPH L. PALLER (SBN 82613)
Gilbert & Sackman LLP
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
E-mail:      jlpaller@gslaw.org

Attorneys for Petitioners United Food &
Commercial Workers Union, Locals 324 and 1442

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCALS 135, 324, 770, 1167, 1428 AND 1442, an unincorporated association,<br><br>Petitioners,<br><br>vs.<br><br>RALPHS GROCERY COMPANY, a California corporation,<br><br>Respondent. | CASE NO. 2:18-CV-10633<br><br>**VERIFIED PETITION FOR AN ORDER COMPELLING ARBITRATION PURSUANT TO A COLLECTIVE BARGAINING AGREEMENT**<br><br>**[29 U.S.C. §185(a)]** |

## JURISDICTION AND VENUE

1.     This is an action pursuant to Section 301(a) of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a), to compel arbitration of a dispute between Petitioner United Food and Commercial Workers Union Locals 135, 324, 770, 1167, 1428 and 1442 ("the Union" or "Locals") and Respondent Ralphs Grocery Company ("Ralphs" or "the Employer") concerning a grievance filed by the Unions over the Employer's use of a separate company – Insta-Cart – to perform bargaining unit work.  This Court has jurisdiction under 29 U.S.C. §185(a) and 28 U.S.C. §1331.

2.     Venue is proper in this District pursuant to 29 U.S.C. §185(c). Petitioners Local 135, et al. have offices in and represent members throughout the Central District, including those employed by Respondent.  In addition, the dispute arose within the Central District, as the Employer operates numerous retail stores within the Central District.

## PARTIES

3.     Petitioners Local 135, et al. are each a "labor organization" representing employees of Respondent for the purposes of collective bargaining within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5).  The Unions are duly organized unincorporated associations, authorized to do and doing business in various counties in California, with Locals 324, 770, 1428 and 1442 all doing business in Los Angeles County, State of California, and representing employees of Respondents in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a).

4.     Respondent is an "employer" in an industry affecting commerce within the meaning of Section 2(2) of the NLRA, 29 U.S.C. §152(2).  The Unions are informed and believe, and thereupon allege, that Respondent, is now and, at all times material herein, has been a corporation operating under the laws of the State

//

1

1   of California and authorized to do and doing business in the County of

2   Los Angeles, State of California.

3   **PETITION**

4       5.    On or about March 7, 2016, the Unions and the Employer entered into

5   a written Collective Bargaining Agreement ("Collective Bargaining Agreement").

6   This Collective Bargaining Agreement was in full force and effect when the

7   Unions filed their grievance relating to Insta-Cart, dated November 14, 2017.

8   A true and correct copy of the Collective Bargaining Agreement is attached hereto

9   and incorporated herein by reference as Exhibit "A."

10      6.    Article 12 of the Collective Bargaining Agreement, entitled

11  "Adjustment and Arbitration" sets forth a grievance and arbitration procedure to

12  resolve any and all disputes relating to the Agreement.  Article 12 A states:

13      Any and all matters of controversy, dispute or

14      disagreement of any kind or character existing between

15      the parties and arising out of or in any way involving the

16      interpretation or application of the terms of this

17      Agreement, except as may be otherwise provided in

18      Section D of this Article, shall be settled and resolved by

19      the procedures and in the manner hereinafter set forth.

20      7.    Article 12 further provides for final and binding arbitration of any

21  grievances that have not been resolved by the parties through the prior steps in the

22  grievance procedure.

23      8.    On November 14, 2017, the Unions filed a grievance alleging that the

24  Employers had violated the Collective Bargaining Agreement.  A true and correct

25  copy of the grievance is attached hereto and incorporated herein by reference as

26  Exhibit "B."

27      9.    On January 24, 2018, the Unions demanded arbitration of the

28  grievance and requested the Employer to contact the Union's attorney to begin the

1  process of selecting an arbitrator.  A true and correct copy of this demand for
2  arbitration is attached hereto and incorporated herein by reference as Exhibit "C."
3      10.    Over the course of several months the parties engaged in discussions
4  seeking to settle the grievance.  Finally, on April 4, 2018 Michael D. Four on
5  behalf of the Unions advised Ray Deeny, Counsel for the Employer, that the
6  Unions wanted to finally arbitrate the grievance and requested Mr. Deeny to
7  engage in selecting an arbitrator.  A true and correct copy of this e-mail is attached
8  hereto and incorporated herein by reference as Exhibit "D."
9      11.    On April 12, 2018, after receiving no response to the April 4, 2018
10 communication, Mr. Four sent an e-mail to Mr. Deeny again asking him to engage
11 in the selection of an arbitrator with Union Counsel.  A true and correct copy of
12 this e-mail is attached hereto and incorporated herein by reference as Exhibit "E."
13     12.    On April 13, 2018, Mr. Deeny responded by requesting that the
14 parties contact the FMCS to order a list of arbitrators to choose from.  A true and
15 correct copy of this e-mail is attached hereto and incorporated herein by reference
16 as Exhibit "F."
17     13.    A list of arbitrators was received online on that same day, April 13,
18 2018.  A true and correct copy of the FMCS List is attached hereto and
19 incorporated herein by reference as Exhibit "G."  On April 20, 2018, Michael Four
20 e-mailed Mr. Deeny to inquire as to when he would be available to strike names
21 from the FMCS list.  A true and correct copy of this e-mail is attached hereto and
22 incorporated herein by reference as Exhibit "H."
23     14.    Mr. Deeny did not respond to the April 20th e-mail by April 30, 2018,
24 so Union Counsel again e-mailed Mr. Deeny and asked him again to strike names
25 from the FMCS list.  A true and correct copy of this e-mail is attached hereto and
26 incorporated herein by reference as Exhibit "I."
27     15.    Finally on May 4, 2018, Union Counsel sent a letter to Mr. Deeny by
28 e-mail and regular mail reiterating the prior requests to select an arbitrator.  The

3

1   letter also advised Mr. Deeny that if he failed to respond, the Unions would have

2   no choice but to compel arbitration.  A true and correct copy of this letter is

3   attached hereto and incorporated herein by reference as Exhibit "J."

4        16.    On May 7, 2018, Mr. Deeny responded, but declined to participate in

5   the selection of an arbitrator at that time.  A true and correct copy of this letter is

6   attached hereto and incorporated herein by reference as Exhibit "K."

7        17.    Over the summer and fall of 2018, the Unions attempted to resolve the

8   grievance with the Employer, but the Employer failed and refused to provide

9   information relevant to its resolution, and failed to set meetings to discuss its

10  resolution.  On October 23, 2018, the Union renewed its demand to set the

11  grievance for arbitration.  A true and correct copy of this correspondence is

12  attached hereto and incorporated herein by reference as Exhibit "L."

13       18.    On November 1, 2018, Mr. Four sent a letter to Mr. Deeny, indicating

14  his intention to request a list of arbitrators from the FMCS, and requesting

15  Mr. Deeny's cooperation in selecting an arbitrator from that list.  A true and

16  correct copy of this letter is attached hereto and incorporated herein by reference as

17  Exhibit "M."  A list of arbitrators was received from the FMCS on November 12,

18  2018.  A true and correct copy of the second FMCS List is attached hereto and

19  incorporated herein by reference as Exhibit "N."

20       19.    On December 10, 2018, Counsel for the Unions Margo A. Feinberg

21  emailed Mr. Deeny and requested that he participate in selecting an arbitrator from

22  the FMCS lists.  A true and correct copy of this correspondence is attached hereto

23  and incorporated herein by reference as Exhibit "O."

24       20.    On December 13, 2018, Mr. Deeny responded that the Employer

25  refused to set the grievance for arbitration.  A true and correct copy of this

26  correspondence is attached hereto and incorporated herein by reference as

27  Exhibit "P."

28  //

4

21.    As of the filing date of this instant Petition, Mr. Deeny and the Employer have still not selected an arbitrator with the Unions.

22.    A complaint, dispute or controversy exists in which the Unions claim that the Employer has breached the obligations assumed by it under the terms of the Collective Bargaining Agreement.

23.    The Unions have issued the Employer written demands for arbitration, and the employer is therefore required to arbitrate the dispute describe or covered by the grievance.

24.    The Employer has not agreed and will not agree to submit to arbitration the grievance pursuant to the Collective Bargaining Agreement.

25.    The Employer's failure to proceed to arbitration on the grievance is without excuse, without merit, unjustified, dilatory, frivolous and done in bad faith, vexatiously and/or for oppressive reasons.

26.    The Unions have been forced to retain the Law Firm of Schwartz, Steinsapir, Dohrmann & Sommers LLP and other Union Counsel to bring this Petition to enforce the Union's contractual rights to compel the Employer to arbitrate the grievance.

WHEREFORE, the Unions pray for relief as follows:

1.    For an Order of the Court compelling the Employer to submit the above mentioned grievance to arbitration pursuant to the terms of the Collective Bargaining Agreement attached hereto as Exhibit "A."

2.    For an Order of the Court directing the Employer to select an arbitrator with the Union by a date certain.

3.    For its reasonable attorneys' fees.

//
//
//
//

4.    For costs of suit incurred herein.

5.    For such other and further relief as this Court deems just and proper.

DATED:  December 26, 2018

MARGO A. FEINBERG
MICHAEL E. PLANK
SCHWARTZ, STEINSAPIR, DOHRMANN
  & SOMMERS LLP

By /s/ Michael E. Plank
    Attorneys for Petitioners
    United Food & Commercial Workers
    Union, Locals 135, 770 and 1428

JEFFREY S. WOHLNER
WOHLNER, KAPLON, CUTLER,
HALFORD & ROSENFELD LLP

By /s/ Jeffrey S. Wohlner
    Attorneys for Petitioner United Food &
    Commercial Workers Union, Local 1167

JOSEPH L. PALLER
GILBERT & SACKMAN LLP

By /s/ Joseph L. Paller
    Attorneys for Petitioners United Food &
    Commercial Workers Union, Locals 324
    and 1442